B1040 (FORM 1040) (12/15)

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

2019 SEP 10 PM 3:58

M. REGINA THOMAS, CLERK
By: _____ DEPUTY CLERK

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** LILLIAN L WASHINGTON | **DEFENDANTS** FRANKLIN ABREU |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) LOUIS L MCLENDON, MCLENDON LAW GROUP, LLC, SUITE 200, 1770 INDIAN TRAIL ROAD NORCROSS, GA 30093 |
| **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Pursuant to 11 U.S.C. 523(a)(3) and 11 U.S.C. 523(a)(6) Plaintiff files this complaint seeking to except from discharge Judgment granted against Defendant and in favor of the Plaintiff in the amount of $9000.00 on August 15, 2018.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☒ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability – §523(a)(5), domestic support
☒ 68-Dischargeability – §523(a)(6), willful and malicious injury   1
☐ 63-Dischargeability – §523(a)(8), student loan
☐ 64-Dischargeability – §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability – other   2

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 9,000.00 |

**Other Relief Sought**

Such other relief as the Court may deem just and appropriate.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR FRANKLIN ABREU || BANKRUPTCY CASE NO. 19-53827-wlh ||
| DISTRICT IN WHICH CASE IS PENDING US Bankruptcy Court Northern District of Georgia || DIVISION OFFICE Atlanta | NAME OF JUDGE HONORABLE JUDGE WENDY L. HAGENAU |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
|  Lillian L. Washington ||||
| DATE September 10, 2019 || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| FRANKLIN ABREU | ) | Case No. 19-53827-wlh |
| Debtor | ) | |
| | ) | Chapter 7 |
| LILLIAN L WASHINGTON | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. _____ |
| | ) | |
| FRANKLIN ABREU | ) | |
| Defendant | ) | |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2019 SEP 10 PM 3: 58

M. REGINA THOMAS
CLERK

## COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)

Plaintiff, Lillian Washington ("Plaintiff"), brings this action against the Debtor and Defendant, Franklin Abreu ("Debtor"), seeking a determination that certain debts owed by the Debtor to Plaintiff are nondischargeable pursuant to 11 U.S.C. §523 and for other relief. In support of its complaint, Plaintiff states, alleges, and complains as follows:

### INTRODUCTION

1. The Debtor filed a voluntary chapter 7 petition on March 8, 2019.

2. Plaintiff files this complaint seeking to except from discharge certain debts pursuant to 11 U.S.C. §523(a)(3) and §523(a)(6).

### JURISDICTION AND VENUE

3. This adversary proceeding arises in the case of IN RE Franklin Abreu, No. 19-53827-wlh, now pending in this Court under Chapter 7 of Title 11 of the United States Code. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §523. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1409, as this is a proceeding arising under Title 11 in a case pending in this Court.

## DESCRIPTION OF THE PARTIES

5. Plaintiff, Lillian Washington is a US citizen and resident of Dekalb County, residing at 3607 Heritage Estates Lithonia, GA 30308.

6. On information and belief, the Defendant, Franklin Abreu, is a US citizen and resident of Fulton County, residing at 7774 Flyaway Road Fairburn, GA 30213.

## STATEMENT OF THE FACTS

7. Plaintiff purchased a vehicle that was driven primarily by the defendant, where the Defendant was responsible for all maintenance for the vehicle. Defendant took the vehicle in for maintenance and repeatedly refused to get all required maintenance completed and continued to operate the vehicle. Continuing to operate the vehicle without the proper maintenance damaged the engine and caused it not to be able to operate safely. As a result, the cost of repairs exceeded the value of the vehicle; causing injury to the Plaintiff.

8. Defendant purposely drove Plaintiff's vehicle into a parked vehicle causing physical damage and refused to have it repaired at a licensed and certified repair/collision center or reimburse the Plaintiff for the cost; this resulted in undue injury to the Plaintiff.

9. Defendant willing agreed to reimburse Plaintiff for the cost of employment benefits if added to Plaintiff's employer benefits. However, once benefits became active; Defendant refused to reimburse Plaintiff which caused additional burden to the Plaintiff.

10. Defendant deceitfully added insurance benefits to Plaintiff's StateFarm insurance policy, causing added and undue injury due to increased premiums.

11. Defendant willingly and maliciously withheld rent payments from the Plaintiff to degrade and humiliate the Plaintiff, subsequently placing intentional financial burdens and hardship on Plaintiff.

12. In the residence of the Plaintiff, the Defendant deliberately kicked in an interior door over the back of the Plaintiff, causing malicious structural injury.

13. Defendant purposely damaged Plaintiff's residential property when removing items from the Plaintiff's resident.

14. Defendant spitefully removed Plaintiff's personal items from the Plaintiff's residence as well as personal items belonging to the Plaintiff's minor children.

15. Defendant purposely stored personal items belonging to the Plaintiff in a moist and unventilated crawlspace underneath the Plaintiff's residence, causing intentional damage to stored items.

16. Via Dekalb County Magistrate Court, the Plaintiff was awarded a judgment related to items listed above on September 23, 2016.

17. Defendant filed an Appeal in October 2016.

18. Via the Georgia State Court of Dekalb County, the Plaintiff was awarded a judgment related to the items listed above on August 15, 2019.

19. Defendant filed for Chapter 7 Bankruptcy on March 8, 2019 and listed the Plaintiff as a Creditor on the same.

20. The Plaintiff's first notification of the bankruptcy was when the Honorable Judge Hagenau mailed her order dated June 26, 2019;and after the debt was discharged.

21. The Defendant failed to list the mailing address for the Plaintiff in the bankruptcy petition and failed to list the mailing address for the Plaintiff on the bankruptcy mailing matrix. These omissions prevented the Plaintiff from receiving proper notification of the bankruptcy and sufficient time to object to the debt being included in the bankruptcy.

## COUNT I

### WILLING AND MALICIOUSLY CAUSED INJURY TO PLAINTIFF

22. Pursuant to 11 U.S.C. §523(a)(6), an individual debtor may not be discharged from any debt "for willful and malicious injury."

23. Pursuant to 11 U.S.C. §523(a)(3), such a debt is not dischargeable when the Debtor fails to give notice of the bankruptcy in time to file an objection.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for

24. A determination that the indebtedness of the Debtors to Plaintiff, in the amount of at least $9,000.00 is nondischargeable;

25. Such other relief as the Court may deem just and appropriate.

Respectfully submitted,

By: _____
Lillian L. Washington
3607 Heritage Estates
Lithonia, Georgia 30038
404.625.5588